JAMES E. MUNGER, RESPONDENT, v. GEORGE B. CURTIS AND EUPHEMIA, HIS WIFE, THE MECHANICS' SAVINGS BANK OF FISHKILL-ON-THE-HUDSON AND OTHERS, APPELLANTS.

*Mechanics' lien — does not exist until notice is filed — it only affects such interest as the owner then has — 1885, chap. 342.*

On June 18, 1886, a building which the plaintiff had erected under a contract made with the defendant Curtis was accepted by the latter. On that day, at about two o'clock in the afternoon, the defendant Curtis and his wife exe- cuted a mortgage upon the premises for the sum of $900 to a savings bank, and received from the bank that amount. The savings bank sent the mortgage by mail to the county clerk, at Poughkeepsie, who received it at seven o'clock P. M. on June nineteenth. On June twenty-first, at eight A. M., the plaintiff filed a mechanics' lien upon the same premises.

*Held,* that the lien of the mortgage was entitled to priority over that of the plaintiff.

That the fact that the bank knew that the plaintiff had not been paid did not affect its right to such priority, in the absence of proof that it colluded with Curtis to defeat the claim and lien of the plaintiff.

APPEAL from a judgment, entered in Dutchess county upon the trial of this action by the court without a jury.

The action was brought to foreclose a mechanics' lien upon land in Matteawan, in the county of Dutchess, N. Y.

The plaintiff and the defendant Curtis entered into a contract by which the plaintiff was to furnish materials and do the carpenter work in building a house on land described in the complaint for $850.40, to be paid when the building was completed. The building was completed on the 18th of June, 1886, and accepted by the defendant Curtis.

On the 18th day of June, 1886, defendant Curtis and his wife executed a mortgage on the said premises to the defendant the

Mechanics' Savings Bank, for $900. The bond and mortgage were delivered to the bank by Curtis at two o'clock in the afternoon of the nineteenth day of June, and the amount of the mortgage was then paid by the bank to him. The defendant Curtis, after receiving the $900 from the bank, absconded without paying the plaintiff. The savings bank sent the mortgage by mail to the county clerk's office at Poughkeepsie for record, where it was filed, for record, at seven o'clock, P. M., on the nineteenth day of June. On the 18th day of June, 1886, the defendant Curtis executed a mortgage to Tallardy and Aldridge for $300 on the same premises, and which was filed in the Dutchess county clerk's office, for record, on the 21st day of June, 1886, at seven o'clock and thirty minutes A. M.

On the 21st day of June, 1886, the plaintiff filed a mechanics' lien in said clerk's office upon the same premises at eight o'clock A. M. of that day, to secure the payment of his claim of $850.40, and brought this action to foreclose his lien, claiming his lien to be prior to both of said mortgages.

On the trial judgment was rendered to the effect that said mechanics' lien was the first lien on said premises; that the savings bank mortgage was the second lien; and the Tallardy and Aldridge mortgage was the third lien.

*H. H. Hustis,* for savings bank, appellants.

*Wm. R. Woodin,* for the respondent.

DYKMAN, J.:

This is an action to foreclose a mechanics' lien, under the provision of chapter 342 of the Laws of 1885. The first section of that law provides that any person who shall perform labor or furnish materials in the erection of a house may, upon filing the notice of lien prescribed in the fourth section, have a lien for the price and value of the same upon the house and premises, to the extent of the right, title and interest of the owner existing at that time.

Under that law, therefore, a person furnishing labor and materials for the erection of any structure specified therein becomes a creditor-at-large, with a claim which may ripen into a lien, but he acquires no lien upon the premises until he files the requisite notice pre-

scribed for that purpose. If previous to the time of filing such notice of lien the title to the premises has become vested in another, he can acquire no lien, and his rights in that respect are cut off and lost. So if the premises are incumbered by a mortgage to a *bona fide* creditor, his claim is subordinate to the lien created thereby. These principles have always been recognized, and they seem to control this case.

The mortgage to the Mechanics' Savings Bank was honest, and although all the parties assumed that the money procured thereon would be appropriated to the payment of the claim of the plaintiff, yet the bank in no way undertook to make such application, and the law imposed no obligation upon it to do so. Section 2 of the Laws of 1885 has no application to such a case as this, and affords the plaintiff no relief. The equities of the parties are equal, and the plaintiff can secure only the relief afforded him by the provisions of the law, and that furnishes him no rights prior or superior to the lien of the bank mortgage.

The judgment should be reversed and a new trial granted, without costs.

PRATT, J.:

It does not seem to me that section 2 of chapter 342 of the Laws of 1885 has any application to the facts disclosed in this case. No fraud on the part of the defendant, the Mechanics' Savings Bank, is shown. It is not necessary to construe that section, as no part of it was intended to cover a case like the one in hand. That section only applies to cases where the money is paid, or the incumbrance is put on by collusion with the owner for the purpose of defrauding the contractor or sub-contractor.

It is the settled law that a mechanics' lien only attaches to the extent of the interest of the owner at the time the notice of lien is filed.

The mortgage to the savings bank was executed on the 19th of June, 1886, and the notice of lien was not filed until June twenty-first thereafter, hence the lien only attached to the equity of redemption then held by Curtis. (*Payne* v. *Wilson*, 11 Hun, 305; S. C., 74 N. Y., 355.)

The latter case holds, that a person entitled to a mechanics' lien

acquires no specific lien until he files his notice; up to that time he is a general creditor, with no greater equities than other general creditors, and he is affected by all equities in favor of those dealing with his debtor.

A lien will not cut off or affect a prior unrecorded mortgage made in good faith, and hence the struggle here over the question of priority of recording the mortgage and filing the notice of lien was unnecessary. The mortgage was executed and delivered, and the money paid prior to filing the notice of lien, and the equity of the mortgagee attached prior to the lien without reference to the recording act.

In the absence of proof that the bank colluded with Curtis to defeat the claim and lien of the plaintiff, and that its mortgage consequently was fraudulent and void, the mortgage is entitled to priority.

The fact that the bank knew the plaintiff had not been paid was immaterial. Any person has a right, in good faith, to loan money and take security from a party who is indebted to others, and a general creditor has a right to obtain security for his debt in preference to other general creditors.

The good faith of the bank here, cannot be questioned. The money raised upon the mortgage was stated by Curtis to be applied to pay off his debt to the plaintiff. The bank has as good a right to trust Curtis as the plaintiff had; the fact that he turned out to be dishonest is not the fault of the bank. The plaintiff knew that Curtis was to get the money from the savings bank, and he must have known that he could only get it by giving a mortgage. It is clear to my mind that this case falls within the principle stated in the case of *Payne* v. *Wilson* (74 N. Y. 355).

The judgment should be reversed and new trial granted, without costs.

Present — DYKMAN and PRATT, J.; BARNARD, P. J., not sitting.

Judgment reversed and new trial granted, without costs.